IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD DEE SMITH, ID # 1056446,                )<br>       Petitioner,                                                        )<br>vs.                                                                              )<br>                                                                               )<br>NATHANIEL QUARTERMAN,[1] Director,  )<br>Texas Department of Criminal                         )<br>Justice, Correctional Institutions Division,   )<br>       Respondent.                                                     ) | No. 3:04-CV-1240-P (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Dallas County conviction for burglary of a habitation with intent to commit aggravated assault in Cause No. F01-0397-IP. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**A. Procedural and Factual History**

On August 6, 2001, petitioner entered an open guilty plea to burglary of a habitation with intent to commit aggravated assault. CR[2] at 7-8 (plea agreement). On August 7, 2001, after hearing

---

[1] On June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice - Correctional Institutions Division. The Court thus substitutes him for Douglas Dretke. *See* Fed. R. Civ. P. 25(d)(1).

[2] "CR" refers to the Clerk's Record in Cause No. F01-01397-IP.

testimony from petitioner, the victim, and others, the trial court sentenced petitioner to sixty years imprisonment on that plea.[3] *Id.* at 10 (judgment). On June 28, 2002, the court of appeals affirmed the conviction and sentence. *See Smith v. State*, Nos. 05-01-01306-CR, 05-01-01307-CR, 05-01-01308-CR, 05-01-01309-CR, 2002 WL 1397289, at *1-2 (Tex. App. – Dallas June 28, 2002, pet. ref'd) (consolidated appeal with convictions for possession of child pornography). The court of appeals summarized the facts as follows:

> At trial, appellant admitted he followed the complainant to her home. After watching her put groceries into her vehicle, he chased her into her garage and house, pointed a gun at her, then left when the complainant's husband came out of a bedroom in response to the complainant's screams. Police arrested appellant a short time later. They found a pair of handcuffs with no keys in appellant's front pocket. Inside appellant's car, they found a pair of women's panties in a plastic bag, sexual lubricant, rolls of tape and twine, zip ties, two jars of Vaseline, adult sex videotapes, a notebook containing lists of sex websites, and fifteen computer disks containing adult and child pornography. Appellant led police to where he disposed of the gun. Near the complainant's home, they recovered an unloaded silver gun, a black sweatshirt, a stocking mask, and a ball gag from the base of a tree. Police also found hundreds of pornographic magazines and videotapes in a storage unit rented by appellant. Appellant testified he planned only to scare the complainant. He said he was angry at women due to his recent divorce from his second wife. He claimed he was not going to harm the complainant. He admitted, however, that he felt excited when he was following her.

*Id.* at *1.

On August 7, 2003, petitioner filed a state application for writ of habeas corpus. S.H. Tr.[4] at 2. On November 5, 2003, the Court of Criminal Appeals remanded that application to the trial court for evidentiary hearing or affidavits. *See Ex parte Smith*, No. 57,128-04, slip op. at 1 (Tex.

---

[3] On the same day, the trial court sentenced petitioner to ten years imprisonment on each of three counts of child pornography in Cause Nos. F00-32397-JP, F00-32399-JP, and F00-32400-JP. Petitioner does not challenge those convictions in this federal habeas action.

[4] "S.H. Tr." denotes the state habeas records attached to *Ex parte Smith*, No. 57,128-04, slip op. (Tex. Crim. App. Nov. 5, 2003) (remanding petition for evidentiary hearing and/or affidavits).

Crim. App. Nov. 5, 2003). After the remand, the Court of Criminal Appeals denied petitioner's state application without written order on the findings of the trial court after a hearing. *See Ex parte Smith*, No. 57,128-04, slip op. at 1 (Tex. Crim. App. Apr. 28, 2004).

On June 8, 2004, this Court received petitioner's federal petition to challenge his conviction. Respondent thereafter filed an answer and submitted petitioner's state court records.

### B. Substantive Issues

Petitioner claims that he received ineffective assistance of counsel from his trial attorney at sentencing, and that his sixty year sentence constitutes cruel and unusual punishment because it is grossly disproportionate to the offense committed. (Pet. Writ of Habeas Corpus (Pet.) at 7.)

### C. Exhaustion

Respondent concedes that petitioner has sufficiently exhausted his state remedies with respect to the claims raised in the instant petition. (Answer at 2.) On direct appeal, petitioner claimed that his sentence was grossly disproportionate to the offense. *See Smith v. State*, Nos. 05-01-01306-CR, 05-01-01307-CR, 05-01-01308-CR, 05-01-01309-CR, 2002 WL 1397289, at *1-2 (Tex. App. – Dallas June 28, 2002, pet. ref'd). In his state habeas application, he specifically asserted the same claims raised in this federal action. *Compare* S.H. Tr. at 7 *with* Pet. at 7.

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

3

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

In this case, the denial of petitioner's state writ constitutes an adjudication on the merits of the claims fairly presented to the Court of Criminal Appeals in such writ. *See Ex parte Thomas*, 953 S.W.2d 286, 288-89 (Tex. Crim. App. 1997) (holding that a denial, rather than a dismissal, signifies an adjudication on the merits). Furthermore, the appellate decision was an adjudication on the merits of the claims raised therein. The AEDPA standards enumerated in 28 U.S.C. § 2254(d) thus apply to the claims raised in petitioner's petition.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case dif-

4

ferently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

With the AEDPA standards in mind, the Court proceeds to address petitioner's claims in the order presented to it.

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims that his trial attorney rendered ineffective assistance at sentencing when he failed to investigate and interview two individuals, Dr. George Mount and Toni Sue Giddens, and

5

failed to inform the trial court that he had undergone a psychological evaluation and had been accepted into the Cenikor program while awaiting trial.

The Sixth Amendment to the United States Constitution provides criminal defendants a right to effective assistance of counsel. U.S. CONST., art. VI. To successfully state a claim of ineffective assistance of counsel under Supreme Court precedent, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

To determine whether counsel's performance is constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. In addition, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of ineffective assistance of trial counsel, the prejudice component of the *Strickland* test "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted). To show prejudice in the sentencing

context, petitioner must demonstrate "a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh." *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993); *see also United States v. Grammas*, 376 F.3d 433, 438 n.4 (5th Cir. 2004) (holding that *Spriggs* survived *Glover v. United States*, 531 U.S. 198 (2001) in the § 2254 context). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96.

Petitioners must "affirmatively prove prejudice." *Id.* at 693. They cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations, furthermore, are insufficient to obtain habeas relief. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

Petitioner raised his claims of ineffective assistance of counsel in his state habeas application for writ of habeas corpus. The trial court secured an affidavit from petitioner's attorney regarding the alleged deficiencies of counsel. The attorney averred that he "did a tremendous amount of research into the facts, including securing statements from all relevant witnesses whose names had been provided" by petitioner. He further averred that petitioner never asked him to subpoena Dr. Mount or Ms. Giddens. He also averred that he did notify the trial court that petitioner had undergone a psychological evaluation. Based upon the record before it, including the affidavit of counsel, the trial court found no ineffective assistance of counsel. The Court of Criminal Appeals denied petitioner's state habeas application on the findings of the trial court.

Even assuming deficient performance by counsel in this case, petitioner is entitled to no habeas relief on the alleged failures under *Strickland*. Petitioner fails to show how the alleged

deficiencies of counsel affected his sentence. He has not shown a reasonable probability that had counsel engaged in more thorough investigation, called the two witnesses to testify at sentencing, or informed the trial court of the psychological evaluation and acceptance into the drug program, his sentence would have been significantly less harsh.

Petitioner pled guilty to burglary of a habitation with intent to commit aggravated assault. Under Texas law, such offense is a first-degree felony punishable by five to ninety-nine years or life. *See* Tex. Penal Code Ann. §§ 12.32, 30.02(d) (Vernon 2003). The testimony at sentencing reveals a burglary with intent to commit aggravated assault. Petitioner followed the victim home from a grocery store late at night and into her garage, causing her to fall and scream for her husband. He wore dark clothing and a mask to conceal his presence and identity and pointed a firearm[5] at her before running away. He carried a "ball gag" that prevents a person from talking when placed in that person's mouth and handcuffs. He had tape and twine and various sexual paraphernalia in his car, which he parked near the burglarized habitation. He had rented a nearby hotel room. The evidence shows a sexual motivation for the burglary. In petitioner's own words, it was only by the "grace of God" that the offense did not proceed further. *See* Rep.'s R., Vol. III at 48. Based on the nature and facts of the offense, the Court finds no reasonable probability that the alleged deficiencies of counsel affected the imposed sentence.

In addition, petitioner has failed to carry the heavy burden imposed by 28 U.S.C. § 2254(d), as interpreted by *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000), to show that the state court determination of his ineffective assistance claims was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding or that such decision was contrary

---

[5] The presented testimony shows that the firearm was not loaded.

to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. The state disposition of petitioner's claims of ineffective assistance of counsel appears consistent with *Strickland*.

For all of these reasons, petitioner is not entitled to habeas relief on his claims of ineffective assistance of counsel.

## IV. CRUEL AND UNUSUAL PUNISHMENT

Petitioner also claims that his sixty-year sentence constitutes cruel and unusual punishment because it is grossly disproportionate to the offense committed.

The Supreme Court has clearly established that the Cruel and Unusual Punishment Clause of the Eighth Amendment prohibits "sentences for terms of years" that are "grossly disproportionate" to the offense. *See Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). Although the "gross disproportionality principle" is clearly established, its "precise contours . . . are unclear" and "applicable only in the 'exceedingly rare' and 'extreme' case." *Id.* at 73. In assessing the proportionality of the sentence, the courts "first address the gravity of the offense compared to the harshness of the penalty." *Ewing v. California*, 538 U.S. 11, 28 (2003).

Based upon the facts of this case, the applicable Texas statutes (Tex. Penal Code Ann. §§ 12.32, 30.02(d)), and *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App. – Dallas 1997, pet. ref'd), the state court of appeals rejected petitioner's disproportionality claim. *See Smith v. State*, Nos. 05-01-01306-CR, 05-01-01307-CR, 05-01-01308-CR, 05-01-01309-CR, 2002 WL 1397289, at *1-2 (Tex. App. – Dallas June 28, 2002, pet. ref'd). Relying on *Kirk*, the court stated that "[p]unishment, like appellant's, assessed within the statutory range does not violate federal and state constitutional prohibitions against cruel and unusual punishment." *Id.* at *2. The court, nevertheless, considered

9

the facts of the offense to conclude that the sixty-year "sentence does not constitute cruel and unusual punishment." *Id.*

As recited in the previous section, the facts of petitioner's offense of burglary of a habitation with intent to commit aggravated assault support the imposition of the sixty-year sentence. Although the state court of appeals in this case relied on no Supreme Court precedent, its opinion reflects a comparison of the gravity of the offense to the harshness of the penalty. Its rejection of petitioner's disproportional sentencing claim is neither contrary to nor an unreasonable application of federal constitutional law as clearly established by the Supreme Court.[6] Additionally, the rejection is not an unreasonable determination based on the facts in the record. In short, petitioner's case is not one of the exceedingly rare or extreme cases where the disproportionality principle dictates a finding that his sentence constitutes cruel and unusual punishment. This claim entitles petitioner to no habeas relief.

## V.  EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

---

[6] The Court notes that the court of appeals partially relied on state case law to find that a sentence within the statutory range of punishment does not constitute cruel and unusual punishment. Although a sentence assessed within statutory limits is not *generally* excessive, cruel, or unusual, the finding of the court of appeals ignores the "narrow proportionality principle" within the Eighth Amendment's prohibition on cruel and unusual punishments. *See Ewing*, 538 U.S. at 20 (citing *inter alia Harmelin v. Michigan*, 501 U.S. 957, 996-97 (1991) (Kennedy, J., concurring in part and concurring in judgment)). However, because the court of appeals primarily rejected petitioner's disproportionality claim due to its comparison of the facts of the offense with the harshness of the sentence, this Court has no occasion to determine whether a decision based solely on the erroneous finding of the court of appeals would be contrary to or an unreasonable application of federal constitutional law as clearly established by the Supreme Court. The Court, nevertheless, recognizes that, when the court of appeals issued its ruling in 2002, it did so without the benefit of the Supreme Court's latest pronouncements on the disproportionality principle set forth in *Lockyer* and *Ewing* in 2003.

10

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**SIGNED this 21st day of March, 2007.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE